UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

UNITED STATES OF AMERICA            CRIMINAL NO. 04-50048

versus                              JUDGE HICKS

BRODRICK COLLINS                    MAGISTRATE JUDGE HORNSBY

## REPORT AND RECOMMENDATION

### Introduction

Brodrick Collins ("Defendant") was convicted after a jury trial and sentenced to life in prison, plus other punishments. Defendant's retained counsel, Larry English, immediately filed a notice of appeal. About a month later, attorney English filed with the district court a motion to withdraw as counsel because Defendant had filed an complaint against English with the state bar association's disciplinary council. The motion was granted, but there is no indication that Defendant was advised that he was no longer represented by counsel. There was also no appointment of counsel to represent Defendant on appeal, and the Fifth Circuit's docket sheet contains no indication that the Fifth Circuit was aware that Defendant was no longer represented.

The Fifth Circuit dismissed the appeal for failure of Defendant to take appropriate procedural steps to prosecute the appeal. Defendant later wrote the clerk of the district court and asked about the status of his appeal and whether attorney English was still representing him. Defendant wrote that it was his understanding that English had filed a motion to

withdraw, but Defendant was apparently unaware of the status of that motion. Defendant asked that the court appoint counsel for him if the motion had been granted. Doc. 48. The clerk responded by advising Defendant that his appeal had already been dismissed by the Fifth Circuit. Doc. 49.

**Defendant's Motion**

Defendant filed a pro se Section 2255 motion (Doc. 52) that requested, based on the circumstances recounted above, that he be released from custody or have his direct appeal rights reinstated, with counsel appointed to perfect a direct appeal.

**Right to Counsel**

A criminal appellant has a constitutional right to counsel on his first appeal. An unrepresented appellant, like an unrepresented defendant at trial, is unable to protect the vital interests at stake. Prejudice is presumed if a defendant has no counsel on appeal. Penson v. Ohio, 109 S.Ct. 346 (1988). See also Hughes v. Booker, 220 F.3d 346 (5th Cir. 2000) and Harris v. Day, 226 F.3d 361 (5th Cir. 2000) (discussing the right to counsel on direct appeal).

**Recommended Resolution**

Judge Hicks referred the Section 2255 motion to the undersigned for review, report and recommendation. Doc. 56. The Government has, since then, advised the court that it does not, considering the circumstances described above, oppose the court resolving this Section 2255 motion by granting Defendant an out of time appeal. That relief appears to be appropriate, and it has been granted by district courts in similar cases in which a Section

2255 motion arose from the Fifth Circuit's dismissal of a first appeal for failure to prosecute or similar reasons.  See, e.g., U. S. v. Gurrusquieta, 54 Fed. Appx. 592 (5th Cir. 2002); U. S. v. Baldomino, 106 Fed. Appx. 191 (5th Cir. 2003); and U. S. v. Lankford, 196 F.3d 563, 569 (5th Cir. 1999).

In U. S. v. West, 240 F.3d 456 (5th Cir. 2001), the Fifth Circuit described the remedy of permitting an out-of-time appeal and the procedural steps that must be taken to permit appellate jurisdiction over the appeal. The Court instructed the district judge to dismiss the Section 2255 motion without prejudice and reinstate the underlying criminal judgment on the criminal docket.  Thereafter, the time for appeal is the 10 days permitted by F.R.A.P. 4(b)(1)(A).[1]

Accordingly;

**IT IS RECOMMENDED** that Defendant's Motion to Vacate (Doc. 52) be resolved by dismissing the motion without prejudice and granting Defendant the remedy of an out-of-time direct appeal.  To permit the appeal to proceed, the court should reinstate on the criminal docket Defendant's underlying criminal judgment, as amended, that is found at Docs. 41 and 43, originally entered on December 9, 2004 and December 23, 2004.

---

[1] By separate order, the Federal Public Defender has been appointed to represent Defendant on appeal.  If Defendant should retain counsel, retained counsel may file a motion to substitute as counsel.

**Objections**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Cr. P. 59(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Cr. P. 59(b)(2). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 10 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED at Shreveport, Louisiana, this 30th day of June, 2006.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE