UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 04-50048-01 |
| VERSUS | CIVIL ACTION NO. 08-1665 |
| BRODRICK COLLINS | JUDGE S. MAURICE HICKS, JR. |

### MEMORANDUM RULING

Before this Court is a Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (Record Document 77) filed by the Petitioner, Brodrick Collins ("Collins"). Collins seeks an order from the Court vacating his conviction and sentence or granting his request for an evidentiary hearing on a multitude of grounds. Collins also makes a motion for discovery. (Record Document 81). For the reasons set forth below, Collins' motions are **DENIED**.

### BACKGROUND

Collins was arrested as part of an drug ring. (Record Document 79-1 at 2). Shreveport police officers "conducted a controlled purchase of crack cocaine at a residence on Milam Street." See id. Subsequently, the officers executed a search warrant at the same residence. See id. The search resulted in the arrest of ten individuals, including Collins. (Record Document 79-1 at 3). According to testimony elicited at trial, the residence was rented to Collins. See id. Also found during the search were "[f]our firearms, two scales, four pounds of marijuana, and 57 grams of crack cocaine." See id. The scales were found on a coffee table and on the couch in the living room of the residence. Collins had 56 grams

of cocaine on his person at the time of his arrest. See id. The search of the residence also produced a 9mm Smith & Wesson handgun, a .40 caliber loaded Glock handgun, and a SKS assault weapon. See id.

On March 25, 2004, a federal grand jury returned a five-count indictment against Collins. (Record Document 79-1 at 1). Count One charged Collins with "possession with intent to distribute" cocaine; Count Two charged him with "possession of a firearm;" Count Three charged him with "possession of a firearm by convicted felon;" Count Four charged him with "possession of stolen firearm;" and Count Five was a forfeiture count. (Record Document 11).

On September 1, 2004, a jury found Collins guilty of Counts One through Four. (Record Document 79-1 at 1). Collins was sentenced on December 8, 2004 on all four counts. For Count One, Collins was sentenced to life. Collins was sentenced to 120 months, per count, for Counts Three and Four. Both sentences were set to run concurrently with each other and Count One. On Count Four, Collins was sentenced to 60 months, which was to run consecutively with Counts One through Three. (Record Document 79-1 at 1-2).

On July 26, 2006, the Court allowed Collins to file an out of time, direct appeal. See id. On appeal, Collins argued that the life sentence was unconstitutional because it was based on prior convictions that "were not pleaded or proved to the jury." United States of America v. Collins, No. 06-30883 (5th Cir. June 20, 2007). In affirming the sentence, the Fifth Circuit held that Collins arguments were "foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998)." See id. The Supreme Court denied certiorari. Collins v. United States, No. 07-6570 (Oct. 15, 2007).

Collins has brought this timely §2255 Motion before this Court asserting some fifteen issues. Mainly, Collins challenges the Court's jurisdiction over him, the enhancements used in his sentencing, confrontation of the government's confidential informant, the search warrant that led to his arrest, selective prosecution, and ineffective assistance of counsel. (Record Document 77).

## LAW AND ANALYSIS

After conviction and exhaustion of a defendant's right to appeal, the Court is "entitled to presume that the defendant stands fairly and finally convicted." U.S. v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991), quoting U.S. v. Frady, 456 U.S. 152, 164, 102 S.Ct. 1584, 1592 (1982). "Our trial and appellate procedures are not so unreliable that we may not afford their completed operation any binding effect beyond the next in a series of endless post conviction collateral attacks. To the contrary, a final judgment commands respect." Frady, 456 U.S. at 164-65, 102 S.Ct. at 1593. Consequently, issues that can be presented in a motion filed under 28 U.S.C. § 2255 are limited. A defendant can challenge a final conviction only on issues of constitutional or jurisdictional magnitude. See Shaid, 937 F.2d at 232. As the Fifth Circuit has stated:

> Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. Nonconstitutional claims that could have been raised on direct appeal, but were not, may not be asserted in a collateral proceeding.

U.S. v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992) (citations omitted).

Even if a defendant has issues that are constitutional or jurisdictional in nature, he may be procedurally barred from raising them. In order to raise an issue for the first time

on collateral review, a defendant must show both "cause" for his procedural default and "actual prejudice" resulting from the error. Id. at 168. To establish "cause," a defendant must show some external impediment prevented him from raising the claim on direct appeal. See U.S. v. Flores, 981 F.2d 231, 235 (5th Cir. 1993). In order to meet the "actual prejudice" test, he must demonstrate not just the possibility of prejudice, "but an actual and substantial disadvantage, infecting his entire trial with error of constitutional dimension." Shaid, 937 F.2d at 233.

A narrow exception to the "cause and actual prejudice" requirement exists in extraordinary cases "in which a constitutional violation has probably resulted in the conviction of one who is actually innocent." Id. at 232. The Supreme Court has emphasized that this exception is limited to only those cases involving "manifest miscarriages of justice" that would result in the continued incarceration of an innocent person. Id., citing Smith v. Murray, 477 U.S. 527, 537, 106 S.Ct. 2661, 2649 (1986).

Collins raises many issues that are not constitutional or jurisdictional in nature. Further, Collins has failed to show both cause and prejudice for most every claim he raises in his §2255 Motion. Therefore, as the government points out, the vast majority of his claims are not ripe for consideration before the Court. (Record Document 79-1 at 4). However, in an abundance of caution, the Court will address Collins' allegations as it has no impact on the outcome of this motion.

**I. Jurisdiction**

Collins raises multiple issues regarding the Court's jurisdiction over the subject matter of the prosecution. Collins asserts that since the crimes he was convicted of did not occur on federal property and this Court is not a "District Court of the United States;" thus

the federal court system has no jurisdiction over Collins or the crimes for which he was convicted. (Record Document 77 at 1, 5).

The crimes Collins was convicted of do not require the government to prove the crimes took place on federal property. U.S. v. Begay, 42 F.3d 486 (9th Cir. 1994) analyzed this issue under 18 U.S.C. § 371. Because § 371 did not have the situs as an element of the crime, § 371 was "a federal criminal statute of nationwide applicability, and therefore applies equally to everyone everywhere within the United States." See id. at 499. The same analysis applies to the crimes for which Collins was convicted. Further, this Court has jurisdiction over Collins for these crimes under 18 U.S.C. § 3231, stating, "The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States."

**II. § 851 Enhancements to Sentencing**

Collins makes multiple arguments regarding the use of two state court drug convictions in sentencing. (Record Document 77 at 7-9). Collins also argues that 21 U.S.C. § 851(a) is "unquestionably ambiguous" and that the prior convictions were not plead in the indictment. (Record Document 77 at 9-10). Finally he argues that the Government failed to prove "active employment" of the firearm from Count Two. (Record Document 10-12). These appear to be the same arguments he raised in his direct appeal to the Fifth Circuit.[1]

The Government filed notice under § 851 alleging that Collins had two or more prior convictions for a "felony drug offense." (Record Document 29; 79-1 at 8). 21 U.S.C. § 802

---

[1] "Collateral review is fundamentally different from and may not replace a direct appeal." U.S. v. Smith, 2011 WL 3878334, *2 (W.D. La. 2011). Regardless, as stated *supra*, the Court will continue its analysis in an abundance of caution.

(44) defines "felony drug offense" as "an offense that is punishable by imprisonment for more than one year under any law of the United States or of a State or foreign country that prohibits or restricts conduct relating to narcotic drugs, marihuana, anabolic steroids, or depressant or stimulant substances."

For both of these prior convictions, the presentence report showed that Collins was sentenced to more than one year of imprisonment. (Record Document 79-1 at 8-9). Both times these sentences were suspended but eventually imposed after Collins failed to meet the requirements of his probation. See id. Regardless, it is clear that both state court convictions meet the definition of "felony drug offense" as set out by the laws of the United States. See United States v. Sandle, 123 F.3d 809, 811 (5th Cir. 1997).[2]

Collins, in arguing that § 851 is ambiguous, cites to United States v. Collado, 106 F.3d 1097 (2nd Cir. 1997). However, in United States v. Lampton, 158 F.3d 251, 256 (5th Cir. 1998), the Fifth Circuit recognized that Collado was no longer good law; therefore, reliance on this case is improper. The Court otherwise finds that §851 is not unconstitutionally ambiguous.

Collins' argument regarding the prior convictions not being charged in his indictment is without merit. An indictment "need not set forth factors relevant only to the sentencing of an offender found guilty of the charged crime." Almendarez-Torres v. United States, 523 U.S. 224, 228 (1998).

As for Collins' argument regarding the government's failure to prove "active

---

[2] Collins makes an argument that the government did not give proper notice to him or his counsel of the enhancements. Even assuming for the purpose of this motion that the government did list the wrong paragraph of §841, Collins fails to show how this mistake prejudiced him to the point of undermining the proceedings. (Record Document 86 at 9).

employment" of a firearm, Collins cites to Bailey v. United States, 516 U.S. 137 (1995).[3] Collins was "found guilty of possessing a firearm in furtherance of a drug trafficking crime. He was neither charged nor convicted of using a firearm in the manner assailed in the Bailey decision." (Record Document 79-1 at 11). Collins arguments are without merit.

**III. § 924(c) and § 922(g)**

Collins argues that the government failed to properly indict Collins regarding §924(c) and §922(g). (Record Document 77 at 13-14). He further claims that the government did not describe the type of firearm in Court Two of the indictment. See id.

Collins argues that his conviction under §924(c) was unconstitutional because the government did not link the §924(c) violation to the predicate offense. However, as the government asserts, §924(c) does not require indictment or conviction of the underlying offense. See United States v. Bradford, No. 94-40286, 41 F.3d 663, 1994 WL 684707 (5th Cir. Nov. 17, 1994).

Collins' claims that because the sentencing provisions of §922(g) were not listed in the indictment, the indictment must be vacated. Collins' arguments regarding §922(g) also lack merit. Sentencing provisions are not an element of §922(g) and therefore do not need to be listed in the indictment. See United States v. Dancy, 861 F.2d 77, 80 (5th Cir. 1988) (describing the elements of 922(g).)

Finally, the fact the government did not describe the firearm in Count Two of the indictment is irrelevant as the type of firearm had no impact on Collins' sentence. (Record Document 79-1 at 12).

---

[3]§ 924 (c) was amended after Bailey. See United States v. Williams, 610 F.3d 271, 286 (5th Cir. 2010).

**IV. Search Warrant**

Collins challenges the search warrant used that led to his arrest and conviction. (Record Document 77 at 21). Mainly, he argues that his constitutional rights were violated because the accompanying affidavit was not presented as evidence during trial. See id. at 21. Collins claims his lawyer "purposefully withdrew the Motion to Suppress in relation to the search warrant." (Record Document 77 at 22). Collins asserts that the search warrant lacks "specific circumstances, including the veracity of the informant and the informant's basis of knowledge, or even a reference that provides the probability that drugs, contraband evidence and etc would in face be found at 2855 Milam Street residence." See id.

Collins' assertion that his counsel was ineffective for withdrawing a motion to suppress is without merit. " 'The filing of pretrial motions falls squarely within the ambit of trial strategy.' Murray v. Maggio, 736 F.2d 279, 283 (5th Cir.1984). Moreover, the use of pretrial motions is entitled to heavy deference and should not be second-guessed." United States v. Johnson, 2011 WL 3208029 (S.D. Miss. 2011).

Collins' challenge to the search warrant itself is without merit. The agent who procured the state court search warrant took the stand at trial and was subject to cross examination. (Record Document 77 at 21). While Collins challenges the fact the warrant was "bare bones," a warrant need not "meet technical requirements or have the specificity sought by conveyancers. The warrant need only describe the place to be searched with sufficient particularity to direct the searcher, to confine his examination to the place described, and to advise those being searched of his authority." United States v. Burke, 784 F.2d 1090, 1092.

Moreover, Collins fails to provide the court with any factual basis for the allegations he makes in his Motion. "The...presentation of conclusory allegations unsupported by specifics is subject to summary dismissal." Blackledge v. Allison, 431 U.S. 63, 74 (1977). Without any specifics as to why the confidential information was unreliable or why the search warrant was invalid, this allegation is subject to dismissal under Blackledge.

## V. Confidential Informant

Collins challenges his conviction and sentence on the basis that he was unable to confront the government's confidential informant. (Record Document 77 at 15-16). Specifically, Collins argues he was denied the right to cross examine the informant and that the government failed to tender proof that the confidential informant existed or that he was credible. Collins fails to provide the Court with "cause" as to why this was not raised at trial or on appeal. Further, he fails to establish how eliciting information regarding the confidential informant at trial would have changed the outcome of the proceeding. Regardless, Collins has failed to show cause as to why he was entitled to disclosure of the government's confidential informant. See United States v. Davis, 2011 WL 4437156 (5th Cir. 2011). Therefore, Collins has failed to show either "cause" or "prejudice" in this allegation. Finally, the allegations Collins makes in this section of his motion are not lacks any factual basis, therefore under Blackledge, they are subject to dismissal.

## VI. Selective Prosecution

Collins argues that the government "selectively prosecuted movant on the basis of race in violation of the equal protection component of the due process clause of the Fifth Amendment." (Record Document 77 at 17). Further, Collins requests discovery on this issue. (Record Document 81; Record Document 77 at 18). In order to prevail on a selective

prosecution claim, Collins must make a two pronged showing: (1) "he needs to make out a prima facie showing that he has been singled out for prosecution but others similarly situated of a different race were not prosecuted;" (2) "he must demonstrate that the discriminatory selection of him for prosecution is invidious or in bad faith, in that it rests on such impermissible considerations as race, religion, or the desire to prevent his exercise of his constitutional rights." United States v. Webster, 162 F.3d 308, 333-334 (5th Cir. 1998). There is a presumption that the government "made its decision to prosecute in good faith and in a nondiscriminatory manner." See id. at 334.

In requesting discovery, Collins argues the standard is less stringent. This, however, is simply not the case. "The justifications for a rigorous standard for the elements of a selective-prosecution claim thus require a correspondingly rigorous standard for discovery in aid of such a claim." United States v. Armstrong, 517 U.S. 456, 468 (1996). In order to obtain leave for discovery, Collins must make "a credible showing of different treatment of similarly situated persons." See id at 470. Collins only evidence to show selective prosecution is a study conducted in the Northern District of Ohio. (Record Document 77 at 19). This evidence does not constitute "a credible showing of different treatment of similarly situated persons" and therefore Collins' request for discovery is denied. His claim of selective prosecution is meritless.

### VII. Ineffective Assistance of Counsel.

The general rule prohibiting a defendant from raising claims on collateral review absent "cause" and "actual prejudice" does not apply to claims of ineffective assistance of counsel. Massaro v. United States, 538 U.S. 500, 504, 123 S.Ct. 1690, 1693, 155 L.Ed. 2d 714 (2003). However, it is well established that counsel cannot be ineffective for failing

to raise legally meritless arguments. United States v. Sangs, 31 Fed. Appx. 152 (5th Cir. 2001). Collins argues that for all the reasons presented in his motion, his counsel was ineffective. (Record Document 77 at 23). However, as established *supra*, all of the claims Collins raises in his motion are meritless. Therefore, Collins counsel cannot be deemed ineffective for not raising such meritless arguments at trial.

## VIII. Evidentiary Hearing

28 U.S.C. § 2255(b) requires the court to hold an evidentiary hearing on a defendant's claim, "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." In the instant case, it is clear to the Court, after a thorough review of the record and applicable jurisprudence, that Collins is entitled to no relief, and, therefore, an evidentiary hearing is unwarranted.

## CONCLUSION

The Court finds that the vast majority of Collins claims are not properly before this Court. However, after analyzing all of Collins' claims, the Court further finds that all of Collins' claims lack merit. Furthermore, because Collins is entitled to no relief, the Court finds that an evidentiary hearing regarding his claim is unwarranted. See 28 U.S.C. § 2255(b). Accordingly, Collins' Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (Record Document 77) be and is hereby **DENIED WITH PREJUDICE**. Collins' Motion for Discovery (Record Document 81) is **DENIED**.

Pursuant to Rule 11(a) of the Rules governing § 2255 proceedings for the United States District Courts, this Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. "Before entering the final order, the court *may*

direct the parties to submit arguments on whether a certificate should issue." Rule 11(a) Rule Governing Section 2255 Proceedings for the United States District Courts (emphasis added). Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals.

In this instance, a certificate of appealability is **DENIED** because the applicant has failed to demonstrate a substantial showing of the denial of a constitutional right.

An order consistent with the instant Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 4th day of November, 2011.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE