**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 04-50048 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| BRODRICK COLLINS | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Before the Court is Petitioner Brodrick Collins' ("Collins") "Motion to File Out of Time/Equitable Tolling & Memorandum in Support" (Record Document 99). For the reasons contained in the instant Memorandum Ruling, the Motion is **DENIED**.

**FACTUAL AND PROCEDURAL BACKGROUND**

In 2004, police officers for the City of Shreveport arrested Collins for participation in a drug distribution ring. See United States v. Collins, 2011 U.S. Dist. LEXIS 128767 at *1. This Court summarized the facts surrounding Collins' conviction in its Memorandum Ruling on Collins' first 28 U.S.C. § 2255 Motion as follows:

> Shreveport police officers "conducted a controlled purchase of crack cocaine at a residence on Milam Street." See id. Subsequently, the officers executed a search warrant at the same residence. See id. The search resulted in the arrest of ten individuals, including Collins. (Record Document 79-1 at 3). According to testimony elicited at trial, the residence was rented to Collins. See id. Also found during the search were "[f]our firearms, two scales, four pounds of marijuana, and 57 grams of crack cocaine." See id. The scales were found on a coffee table and on the couch in the living room of the residence. Collins had 56 grams of cocaine on his person at the time of his arrest. See id. The search of the residence also produced a 9mm Smith & Wesson handgun, a .40 caliber loaded Glock handgun, and a SKS assault weapon. See id.
>
> On March 25, 2004, a federal grand jury returned a five-count indictment against Collins. (Record Document 79-1 at 1). Count One charged Collins with "possession with intent to distribute" cocaine; Count Two charged him with "possession of a firearm;" Count Three charged him with "possession of a firearm by convicted felon;" Count Four charged him

with "possession of stolen firearm;" and Count Five was a forfeiture count. (Record Document 11).

On September 1, 2004, a jury found Collins guilty of Counts One through Four. (Record Document 79-1 at 1). Collins was sentenced on December 8, 2004 on all four counts. For Count One, Collins was sentenced to life. Collins was sentenced to 120 months, per count, for Counts Three and Four. Both sentences were set to run concurrently with each other and Count One. On Count Four, Collins was sentenced to 60 months, which was to run consecutively with Counts One through Three. (Record Document 79-1 at 1-2).

On July 26, 2006, the Court allowed Collins to file an out of time, direct appeal. See id. On appeal, Collins argued that the life sentence was unconstitutional because it was based on prior convictions that "were not pleaded or proved to the jury." United States of America v. Collins, No. 06-30883 (5th Cir. June 20, 2007). In affirming the sentence, the Fifth Circuit held that Collins arguments were "foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998)." See id. The Supreme Court denied certiorari. Collins v. United States, No. 07-6570 (Oct. 15, 2007).

United States v. Collins, 2011 U.S. Dist. LEXIS 128767 at *1-4 (W.D. La. 2011).

In this same ruling, this Court addressed Collins' numerous arguments in favor of overturning his conviction. See id. at *4-17. The Court found that many of Collins' arguments were not properly before the Court. See id. at *17. However, it did consider the substance of a number of Collins' claims, but rejected all such claims. See id. at *4-17. Thus, the Court denied Collins' first § 2255 Motion on November 4, 2011. See id. at *17. Both this Court and the Fifth Circuit denied a Certificate of Appealability on Collins' first § 2255 Motion. See Record Documents 88 and 95.

Between the Fifth Circuit's denial of Collins' Motion for a Certificate of Appealability on June 13, 2012, and the filing of the instant Motion on July 13, 2017, little activity occurred in the instant action. The only documents filed into the record during this time were: (1) this Court's August 1, 2012, Order stating that no change in Defendant's sentence was warranted as a result of changes to sentencing practices for crack cocaine

offenses; (2) the accompanying Statement of Reasons for this Order; and (3) Collins' June 27, 2016, request for a copy of the Federal Rules of Civil Procedure. See Record Documents 96, 97, and 98. In the instant "Motion to File Out of Time/Equitable Tolling & Memorandum in Support" (Record Document 99), Collins seeks leave to file a subsequent § 2255 Motion on the ground that there is newly discovered evidence that justifies overturning his conviction. He seeks leave to file this § 2255 Motion after the expiration of the one-year period for filing such a Motion on the grounds of equitable tolling of the statute of limitations. See Record Document 99.

## LAW AND ANALYSIS

### I. Legal Standards

The federal habeas corpus remedy for federal prisoners is found in 28 U.S.C. § 2255. This section provides that a one-year limitations period exists for prisoners to file § 2255 Motions. This one-year limitations period runs from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Both 28 U.S.C. § 2244 (the federal habeas corpus remedy for state prisoners) and 28 U.S.C. § 2255 (the federal habeas corpus remedy for federal prisoners) contain one-

year limitations periods for seeking such relief. Because of the similarity between these two provisions, "the federal courts have read them *in pari materia* as long as the context did not render it improper." United States v. Patterson, 211 F.3d 927, 930 (5th Cir. 2000). Thus, precedent regarding equitable tolling of the limitations period for petitions under one section applies equally to equitable tolling of the limitations period for the other.

Holland v. Florida, 560 U.S. 631, 130 S. Ct. 2549 (2010), is a recent opinion issued by the Supreme Court that has a significant impact on the issue of equitable tolling. In Holland, the Court held that the limitations period in 28 U.S.C. § 2244(d) "is subject to equitable tolling in appropriate cases." 560 U.S. at 645, 130 S. Ct. at 2560. Generally, a petitioner seeking federal habeas corpus relief is not entitled to equitable tolling of the one-year statute of limitations for a merely negligent failure to file a petition within the one-year limitations period. See id. at 655-59, 130 S. Ct. at 2566-68 (Alito, J., concurring). However, equitable tolling is available if the petitioner shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Id. at 649, 130 S. Ct. at 2562 (majority opinion) (internal quotations omitted).

In Holland, the petitioner (Holland) had been convicted of first-degree murder and sentenced to death. See id. at 635, 130 S. Ct. at 2555. His conviction became final when the United States Supreme Court denied his petition for writ of certiorari from his direct appeal on October 1, 2001. See id. His appointed attorney, Collins, filed a motion for post-conviction relief in the state trial court on Holland's behalf on September 19, 2002, twelve days before the expiration of the one-year statute of limitations for filing a federal § 2254 petition. See id. at 636, 130 S. Ct. at 2555. During the time that Holland's motion worked

its way through the state courts, Holland wrote several letters to Collins asking him to ensure that all his claims would be preserved for any subsequent habeas review. See id. Collins responded with assurances that he was aware of exhaustion requirements and time limitations, and that he would "present to the federal courts any of Holland's claims that the state courts denied." Id.

However, communication between Holland and Collins eventually broke down, with Collins only communicating with Holland three times by letter in a period of almost three years. See id. Holland wrote to the Florida Supreme Court on two separate occasions to ask the Court to remove Collins from his case because of this lack of communication, but his requests were denied. See id. at 636-37, 130 S. Ct. at 2555-56. Holland also wrote various letters to the Clerk of the Florida Supreme Court and filed a complaint against Collins with the Florida Bar Association, but his complaint was denied. See id. at 637, 130 S. Ct. at 2556.

Between oral argument before the Florida Supreme Court on Holland's state post-conviction relief appeal on February 10, 2005, and that Court's December 1, 2005, decision affirming the trial court's denial of Holland's motion, Holland wrote two additional letters to Collins in which he specifically mentioned his future federal habeas petition and requested that Collins file such a petition in a timely manner. See id. at 637-38, 130 S. Ct. at 2556. However, Collins did not respond to these letters, and he also failed to inform Holland that the Florida Supreme Court issued a ruling on December 1, 2005, denying Holland's state post-conviction appeal. See id. at 638, 130 S. Ct. at 2556 . Finally, Collins failed to file a federal § 2254 petition within twelve days of this ruling, exhausting the last twelve days left on the clock for Holland to timely file such a petition. See id. Holland

found out that the Florida Supreme Court had issued a final decision in his case on January 18, 2006, while he was working in the prison library. See id. at 639, 130 S. Ct. at 2557. He filed a handwritten *pro se* § 2254 petition the next day. See id.

After Holland filed his own § 2254 petition, he eventually received a response from Collins by letter. See id. at 640, 130 S. Ct. at 2557. In this letter, Collins erroneously stated that the one-year statute of limitations for seeking federal relief under § 2254 had expired before Collins had been appointed to defend Holland. See id. at 641, 130 S. Ct. at 2558. Holland was eventually able to obtain a new appointed attorney, but both the district court and the Eleventh Circuit rejected Holland's argument for equitable tolling of the federal statute of limitations. See id. at 643-44, 130 S. Ct. at 2559-60.

However, the United States Supreme Court reversed the Eleventh Circuit's decision. See id. at 635, 130 S. Ct. at 2554. First, the Court held that the one-year statute of limitations for filing a § 2254 petition, found in 28 U.S.C. § 2244(d), "is subject to equitable tolling in appropriate cases." Id. at 645, 130 S. Ct. at 2560. Next, the Court held that equitable tolling is available if the petitioner shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Id. at 649, 130 S. Ct. at 2562.

On the first element, the Court held that the district court erred in its determination that Holland had failed to exercise diligence in pursuing his rights. See id. at 653, 130 S. Ct. at 2565. The Court held that "the diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence." Id. Thus, because Holland (1) "wrote his attorney numerous letters seeking crucial information and providing direction;" (2) "repeatedly contacted the state courts, their clerks, and the Florida State Bar

Association in an effort to have Collins--the central impediment to the pursuit of his legal remedy--removed from his case;" and (3) "prepared his own habeas petition *pro se* and promptly filed it with the District Court" the day he discovered that the statute of limitations had expired, the Court held that Holland had met the diligence element. Id.

On the second element of "extraordinary circumstances," the Court rejected the Eleventh Circuit's standard, which had required a petitioner to prove "bad faith, dishonesty, divided loyalty, mental impairment or so forth," as "too rigid." Id. at 634, 130 S. Ct. at 2554. Instead, the Court stated that though generally an attorney's negligence or even gross negligence does not meet the second element, when an attorney's failures amount to more than mere negligence or gross negligence, such representation may satisfy the "extraordinary circumstances" element. Id. 652-53, 130 S. Ct. at 2564. The Court stated that Collins' failures may have "amounted to more" such that this element was met, but it remanded the case for the lower courts to make a decision on this element. See id. at 652-54, 130 S. Ct. at 2565. On remand, the district court held that Holland's evidence regarding Collins' failures was enough to satisfy this element, and that Holland was entitled to equitable tolling of the one-year statute of limitations. See Holland v. Florida, 2010 U.S. Dist. LEXIS 144790 (S.D. Fla. 2010).

**II.     Analysis**

The facts of the instant action are far removed from those of Holland on the element of reasonable diligence, even assuming that Brodrick Collins is able to satisfy the extraordinary circumstances element. As the facts illustrate, Collins has failed to exercise reasonable diligence in pursuing his rights. Collins' activity was minimal concerning his legal rights from the time the Fifth Circuit denied his Motion for a Certificate

of Appealability (Record Document 95) on June 13, 2012, to the filing of the instant "Motion to File Out of Time/Equitable Tolling & Memorandum in Support" (Record Document 99) on July 13, 2017. Unlike the petitioner in Holland, who consistently communicated with his appointed counsel concerning the state courtsand their clerks, the record in the present action is lacking evidence showing that Collins exercised the diligence the Court in Holland found to be reasonable for equitable tolling to apply. The fact that Collins was seemingly inactive for a five year period only affirms this conclusion. Collins requesting a copy of the Fifth Circuit Federal Rules of Civil Procedure during this five year period is not enough to meet the diligence requirement for equitable tolling. Thus, Collins is not entitled to equitable tolling of the one-year statute of limitations for filing a § 2255 motion.

## CONCLUSION

Based on the foregoing analysis, the Court finds Collins has not shown he exercised reasonable diligence. Accordingly,

**IT IS ORDERED** that "Motion to File Out of Time/Equitable Tolling & Memorandum in Support" (Record Document 99) filed by Brodrick Collins be and is hereby **DENIED.**

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 16th day of October, 2017.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE